IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. PJM-08-3249 |
| | * | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et. al.* | * | |
| | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY PENDING APPEAL**

Plaintiff, CASA de Maryland, Inc. ("CASA"), through counsel, hereby files this Opposition to Defendant United States Department of Homeland Security, *et. al.* ("Defendants") Motion to Stay Pending Appeal or, in the alternative, Motion to Stay Temporarily Pending a Ruling on A Stay by the Court of Appeals. In support of this Opposition CASA states as follows;

**I. INTRODUCTION**

After weighing the record evidence submitted by both parties in this case and upon hearing oral argument on the Defendants' Motion for Summary Judgment on February 1, 2010, this Court correctly held that the public interest in disclosure of the names of Immigration and Customs Enforcement Agents at issue outweighed the agents' privacy interests in keeping their identities hidden. In its analysis, the Court appropriately distinguished Fourth Circuit precedent in *Neely v. FBI*, finding that in the present case the allegations of agency illegality were sufficiently compelling to warrant disclosure of the agents' names. *See* Docket No. 40; Def. Exh. 1 (Transcript of the Feb. 1, 2010 Hearing.) at 62-65. Nothing in the Court's analysis contravenes Fourth Circuit precedent or aims to overturn it. The Defendants have made no argument addressing this fact, instead restating their position as argued in the Motion for

Summary Judgment and stating their unsupported belief that they are likely to prevail on the merits of their appeal. *See* Def.'s Motion to Stay pp. 2-3.  Indeed nothing in the Defendants' Motion to Stay gives rise to the belief that a panel of the Fourth Circuit Court of Appeals would find this Court's ruling erroneous.

## II.  ARGUMENT

**DEFENDANTS' MOTION FOR A STAY SHOULD BE DENIED GIVEN THE GOVERNMENT'S FAILURE TO IDENTIFY LEGAL QUESTIONS LIKELY TO SUCCEED ON APPEAL, THE BALANCE OF HARMS, AND THE PUBLIC INTEREST IN TIMELY DISCLOSURE**

In order to be granted a request for a stay pending appeal of a standing court order the moving party must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) relief is in the public interest.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Even in FOIA cases, where disclosure could render a movant's appeal moot, the party seeking a stay must show that their appeal presents "serious legal questions" with regard to the lower court's ruling.  *See Providence Journal Co. v. FBI*, 595 F.2d 889-90 (1st Cir. 1979) ("Appellants are not, of course, entitled to a stay pending appeal without showing that their appeals have potential merit…. Our reading of the district court's opinions and of the briefs indicates that there are *serious legal questions presented*.") (emphasis added).

    A.  The Government has Failed to Articulate Serious Legal Questions Arising from the District Court's Ruling and Therefore has Advanced no Argument Warranting a Belief of a Likelihood of Success on the Merits

The Government again misapplies the ruling in *Neely v. FBI* to the facts of the present case.  In analyzing the withholding of agents' names by the FBI the court in *Neely* held that exemption 7(c) was applicable because the plaintiff had made "no compelling allegation of agency corruption or illegality." *See Neely v. FBI*, 208 F.3d 461, 464 (4th Cir. 2000) ("there would appear to be no reason on the record before us to assume that these names and identifying information bear in any way upon 'the agency's

performance of its statutory duties' or 'contribute significantly to public understanding of the operations or activities of the government.'") (citing *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 775 (1989)).  In contrast, the disclosure of the agents' names in the Administrative Inquiry Report is <u>necessary</u> to confirm or deny strong allegations of government impropriety and agency illegality.

The public interest in knowing the names of agents can outweigh the agents' privacy interests in keeping their names secret where the lawfulness of the agents' actions is seriously called into question. *See Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) ("Names of private individuals are thus generally exempt from disclosure except, for example, where they are required to confirm or refute allegations of improper government activity."); *Castaneda v. United States*, 757 F.2d 1010, 1012 (9th Cir. 1985) ("Where it appears that the motives or truthfulness of the investigator are in doubt, the public need for supervision and disclosure is necessarily heightened."); *Baez v. U.S. Dep't of Justice*, 647 F.2d 1238, 1339 (D.C. Cir. 1980) ("We think that the public interest might be served by the release of the names of particular agents in instances…in which the performance of a particular agent otherwise is called into question.") *Canadian Javelin, Ltd. v. Sec. & Exch. Comm'n*, 501 F. Supp. 898, 904 (D.D.C. 1980) ("There is a legitimate public interest in knowing who at the SEC conducted an investigation so those individuals can be subjected to inquiry.").

In setting out the standard for balancing interests in FOIA cases, the Supreme Court in *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) found that, "where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties….the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  In its Opposition to the Motion for Summary Judgment Plaintiff

Case 8:08-cv-03249-PJM   Document 49   Filed 03/05/10   Page 4 of 7

attached as "Exhibit A" 13 sworn affidavits from individuals arrested by agents of Immigration and Customs Enforcement during the operation in the parking lot of the 7-Eleven convenience store in Baltimore, Maryland on January 23, 2007. *See* Plaintiff's Memorandum of Law in Opposition to the Partial Motion to Dismiss or Summary Judgment, Exh. A. The substance of these affidavits, as explained by this Court, suggests "that there were arrests, at least in a number of instances of people who were arrested without probable cause…but merely because they were there and because they were Latino." *See* Docket No. 40; Def. Exh. 1 (Transcript of the Feb. 1, 2010 Hearing.) at 42.

Although Defendants argue that there is no evidence in the record that supports allegations of government impropriety, the Court properly explained that the affidavits provided by Plaintiff and the seemingly conflicting statements made by unidentified agents constitute evidence whether Defendants "like it or not." *id*. This fact will remain true at the appellate level and Defendants have offered no new argument altering its effect on the *Favish* analysis done by this Court. In the absence of such an argument, the Defendants' request for a stay should be denied. *See generally Electronic Frontier Foundation v. Office of the Director of national Intelligence*, 2009 WL 3297915 (N.D.Cal.) ("The court remains unpersuaded by the contentions advanced by Defendants in support of their refusal to disclose the subject documents. Having made no new argument, the Court does not find that Defendants have made a strong showing that they are likely to prevail on the merits of their appeal.").

The Government has not met its burden of persuasion with regard to its likelihood of success on appeal. Disagreement with the Court's ruling alone does not entitle the Defendants to a stay. The Supreme Court in granting a stay has done so only upon finding that there was a "reasonable probability that four Justices…will grant certiorari," and that there was, "a fair prospect that a majority of the Court will conclude that the decision below was erroneous". *John Doe Agency and John Doe Government Agency v. John Doe Corporation*, 488 U.S. 1306, 1309; 109 S.Ct. 852 (1989). Nothing in the record or

4

in Defendants' Motion for a Stay points to a reasonable probability that Defendants' arguments are likely to succeed on the merits of the appeal.

> B. The Continued Delay in Disclosure of Agents' Names Puts the Public at Risk of Further Constitutional Violations and Frustrates the Strong Public Interest in Knowing Whether Its Government is Engaging in Unlawful Activity

Immigration and Customs Enforcement agents continue to execute workplace raids and other enforcement actions across the state and throughout the country. Delaying disclosure in this case effectively prolongs the period of time in which illegal conduct by this government agency remains unchecked by the public. As a result, the continued engagement in unlawful practices by government agents poses a significant and ongoing threat to the public's Constitutional rights. Defendants' argument that denial of a stay would create an "irreparable injury" ignores the additional requirement that there be a "reasonable probability" of success on appeal in order for a stay to be appropriate. *See John Doe Agency*, 488 U.S. at 1309; *Providence Journal*, 595 F.2d at 890*; Electronic Frontier Foundation* 2009 WL 3297195 at 2 (N.D.Cal.).

The purpose of the FOIA is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA thus "adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Halpern v. FBI*, 181 F.3d 279, 286 (2d Cir. 1999). The FOIA exemptions pursuant to which an agency may withhold information, 5 U.S.C. § § 552(b)(1) – (b)(9), are narrowly construed and the Government bears the burden of proving that any one applies. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7-8 (2001) (FOIA exemptions are narrowly construed); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). These "limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Klamath Water Users*, 532 U.S. at 7-8.

The Government has failed to show that exemptions (b)(6) and (b)(7)(C) apply to the redacted names in the Administrative Inquiry Report and Affidavits. Nothing in the argument made by the Government in the present motion raises legitimate legal questions as to whether the district court erred in its ruling. Plaintiff submits that the public interest in preserving the right to appeal a ruling where a likelihood of success on the merits is highly unlikely is greatly outweighed by the public interest in identifying and addressing unconstitutional conduct by federal agents in order to prevent ongoing and future civil rights violations.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendant's request for a stay and enforce the Order requiring disclosure of the identities of federal employees by March 8, 2010.

Respectfully submitted,

_____/s/_____
Sebastian G. Amar (Bar No. 29064)
Staff Attorney
CASA de Maryland, Inc.
734 University Boulevard East
Silver Spring, MD 20903
Telephone: 301-431-4185 Ext. 1257
samar@casamd.org
*Counsel for Plaintiff*

## **Certificate of Service**

I hereby certify that on March 5, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


___/s/_____
Sebastian Amar (MD 29064)
*Counsel for Plaintiff*
CASA de Maryland, Inc.
Telephone: 301-431-4185 ext.1257
Facsimile: 301-431-4179
samar@casamd.org